UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| MARIA H. GUTIERREZ,<br><br>        Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. ED CV 12-01845-VBK<br><br>MEMORANDUM OPINION<br>AND ORDER<br><br>(Social Security Case) |

    This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the Administrative Record ("AR") before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified AR.

    Plaintiff raises the following issue:

    1.    Whether there is a DOT inconsistency in the Administrative

Law Judge's ("ALJ") holding that Plaintiff can perform the jobs of maid, electronic worker, and packing machine operator. (JS at 3.)

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that for the reasons set forth, the decision of the Commissioner must be reversed and the matter remanded for further hearing.

**I**

**THE ALJ FAILED TO ASCERTAIN WHETHER THE VOCATIONAL EXPERT DEVIATED FROM DOT REQUIREMENTS IN IDENTIFYING AVAILABLE JOBS AT STEP FIVE OF THE SEQUENTIAL EVALUATION PROCESS**

Plaintiff contends there is a Dictionary of Occupational Titles ("DOT") inconsistency in the ALJ's determination at Step Five that Plaintiff can perform the jobs of maid, electronic worker and packing machine operator.

At the hearing (AR 36-44), the ALJ utilized a vocational expert ("VE"). Prior to posing a hypothetical, the ALJ instructed the VE to testify according to the DOT "or explain why you're not testifying according to the [DOT] and state what your testimony is based upon." (AR 24.) The VE agreed to do that (Id.). The ALJ's hypothetical concerned an individual who, in pertinent part, has the exertional ability to perform light work with restrictions, with nonexertional limitations to "simple, repetitive tasks, no public contact, only non-intense contact with coworkers and supervisors, no jobs requiring hypervigilance and no jobs in which he is responsible for the safety

of others." (AR 62.)

Based on this hypothetical, the VE testified that Plaintiff could not perform any jobs constituting her past relevant work, and had no transferrable skills. The VE did identify three jobs which Plaintiff could perform, including maid (DOT 323.687-014); electronic worker (DOT 726.687-010); and packing machine operator (DOT 920.685-078). (AR 25.)

In her Decision, the ALJ adopted the VE's testimony and found that Plaintiff can perform these three jobs, and she noted that pursuant to Social Security Ruling ("SSR") 00-4p, "The vocational expert's testimony is consistent with the information contained in the [DOT]." (AR 30.)

### A. **Applicable Law and Analysis**.

As assessed by Plaintiff, the error in this case inheres in the unexplained deviation between the Dictionary of Occupational Titles' ("DOT") requirements of the identified jobs, and the VE's testimony, given the limitations of the hypothetical, that Plaintiff could perform these jobs. Plaintiff argues that there is a conflict and deviation between the DOT and the testimony of the VE, and that the ALJ did not solicit an explanation from the VE to allow for such deviation. The Commissioner argues that the DOT is a rebuttable source on which the ALJ may rely "when evidence of record supports the deviation" (JS at 8, citing Light v. Social Sec. Admin., 119 F.3d 789, at 753; Johnson v. Shalala, 60 F.3d 1928, 1435-36 (9th Cir. 1995).

SSR 00-4p specifically provides that when a [VE] provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about possible

conflict between "that [VE] ... evidence and information provided in the [DOT]." Social Security Regulations mandate that Social Security Rulings are binding precedent. (See 20 C.F.R. §402.35(b)(1).)

Although, as noted, the ALJ in this case instructed the VE to testify according to the DOT, and obtained the VE's agreement to do so, that pro forma interchange, which corresponds to the requirements of SSR 00-4p, does not fully discharge the ALJ's obligation. As the Commissioner concedes, an ALJ may rely on VE testimony that contradicts the DOT only when evidence of record supports the deviation. (JS at 8.) Although the Commissioner cites this well-established principle, he then veers from it by later arguing that, "the VE was clearly aware of the ALJ's limitation to non-public work and no hypervigilance, and nevertheless suggested these two occupations [maid and electronics worker] that such a person could perform." (JS at 9, citing AR 62.) Effectively, this argument proposes that if given a proper hypothetical, a VE's identification of available jobs must be accepted by the ALJ, even if there is an unexplained DOT deviation. In fact, that is what occurred in this case, when the ALJ agreed with the VE's identification of a job which requires medium exertion (packing machine operator) as being within Plaintiff's residual functional capacity ("RFC") (see Decision, AR at 30.) The VE clearly erred in identifying this job, because it requires a level of exertion in excess of that available to Plaintiff; yet, the Commissioner still argues that, "However, the VE is just that - an expert - and he would know if this occupation could also be performed at the light exertional level." (JS at 9.) One can only speculate if the VE would still have identified this job is he were aware (as he should have been) that it required medium exertion, or,

4

whether he would have provided some explanation for the deviation. The record provides no evidence of this, and the Commissioner is left to argue that the VE must have factored in some unstated reasons why this occupation could be performed by the Plaintiff.

The VE's misidentification of the job of packing machine operator as being within the given hypothetical limitation to light work gives pause to the Court as to the overall reliability of the VE's testimony. The Commissioner asserts that if this job was identified erroneously, it was harmless error. (JS at 9.) That argument is rejected; no explanation for the obvious deviation was given. But Plaintiff also makes persuasive points about the other jobs identified. With regard to the job of maid, the DOT requirements are that to perform this occupation, a person must, in combination, perform "any" of certain tasks, which include rendering personal assistance to patrons. The job description identifies that it encompasses work in commercial establishments "such as hotels, restaurants, clubs, beauty parlors and dormitories." While the Court does not pretend that is has expertise in this area, nevertheless, it is difficult to conceive that a maid who works in a commercial establishment can perform that job without <u>any</u> interaction with the public. Yet, this Plaintiff was specifically limited to non-public, simple, repetitive tasks. There may well be a deviation here which should have been explained.

The other job identified, that of electronics worker, requires that the individual must "clean[s] and degloss[es] parts, using cleaning devices, solutions, and abrasives." (DOT 726-687-010.) This occupation also requires that the individual apply "primers, plastics, adhesives, and other coatings to designated surfaces, using

applicators, such as spray guns, brushes, or rollers." (Id.) Considering that the ALJ limited Plaintiff to work which precludes "hypervigilance" (AR 23), a fair and substantial question arises whether the job requirements of an electronics worker may require hypervigilance. Yet, no explanation for this apparent deviation was provided in the VE's testimony.

Because of the errors which the Court has identified, the Commissioner's Decision will be reversed, and the matter will be remanded for further hearing consistent with this Memorandum Opinion.

**IT IS SO ORDERED.**

DATED: June 27, 2013                   /s/
                                       VICTOR B. KENTON
                                       UNITED STATES MAGISTRATE JUDGE